Fobd, J.
Philip Spachius being seized of a farm in fee simple, made his will the 13th of January, 1800, and died in 1814; by which will he devised as follows. “Item, all my plantation, I give, devise, and bequeath unto my son Philip Spachius, to be holden to him and the lawful heirs of his body forever.” The devisee took possession on the decease of the testator, and remained possessed till the twenty-fifth of December 1831, when he departed this life intestate, leaving eight living children, whose names in the order of their birth, are, Elizabeth, Sarah, Henry, Jannette, Mary, Prudence, Phebe and John. After the death of Philip the devisee, his eld.est son, Henry, took the farm into possession, and is claiming it in exclusion of the other children, as having been devised to his father in tail, and as having descended to him, as the oldest son, according to the form of the donation of it. Whereas the devise to their father, is considered by the other children, to have been a devise in fee simple, which descended to all the children as tenants in common ; and John the lessor of the plaintiff, brings this ejectment for his eighth part of the farm.
That the testator devised to his son Philip, an estate in fee tail, by the words, “to him and the lawful heirs of his body,” seems to me not to admit of a doubt. The testator does not devise it to Philip’s general heirs, he restricts it to the heir of Philip’s *176 body; and I need not open a book át this late day, after so many hundred adjudications as we have had, to prove that a devise to a man and the heirs of his body, conveys an estate in fee tail: or that they would give a like estate in the reversion, after the determination of a term for four years, which the executors were empowered by the will to create.
If it be contended that no estate tail could be created in New Jersey, since the thirteenth of June, 1799, when all the statutes of England were abolished, and among them, that of 13 Ed. 1, estates-tail being by virtue of it; such a position can by no means be sustained; for our own statute had existed ever since 1784, {Pat 54.) which not only legalizes estates in fee-tail, but actually prescribes their descent from the first devisee in tail, and this statute was in full force both at the date of the will in question, and even after the death of the testator, not having been repealed till the 13th of June, 1820, Rev. Laws, 774. So that if the estate in fee tail, had been created by the statute 13 Ed. 1, our own act confirmed the creation of it also, and gave it its full effect till after one descent performam doni. ■ But it is a mistaken supposition that the estate was created by the statute of Westminster 2d. respecting gifts on condition. There is no such estate mentioned in it. We learn by 2 Bl. Com. 112, that after the passing of that statute, this kind of estate was carved out of a conditional fee at the common law, by judicial construction; and though this judicial construction after regulating these estates, nearly six centuries, was modified in this State in 1784; it was preserved under that modification, and never repealed till the statute of 1820. It continued to be a legal estate in New Jersey, and every where known as such, till the latter date. At the making of the will, and death of the testator, an estate in fee-tail could be created by devise, to exist as such, during the life of the devisee, and to descend at his death to his heirs according to the rules of descent at the common law. But the instant the first descent was cast, that instant, the estate was enlarged into a fee simple. I am therefore of opinion that the father of John Spacius took only an estate-tail, no part of which descended at his death, to any of his children except Henry, who took it all by descent, and is the present owner in fee-simple. Judgment therefore, must be rendered in favor of the defendant.
*177 Ryerson, J.
I do not preceive any room for doubt in this case. The devise, under which the parties claim, was to the defendant’s father in fee tail, in the year 1814. To this inheritance the defendant, oldest son, and heir at common law, of the iirst devisee, has succeeded. Our statute of twenty-fourth May 1780, Pat. Pev. 43, “to alter the law directing the descent of real estates,” is in express words, limited to estates in fee-simple. The law is now changed by the second section of the statute “ furtner regulating the descent of real estate, passed the 13th June 1820, Pev. Laws, 774. This last statute, however, is limited in its operations, and that by its terms, to conveyances and devises, to be made after the passing of the act. In my opinion therefore, the defendant must have judgment.
I have some doubt what question the parties in this cause meant to raise. The case was submitted without any argument, or even presentation of the point or points relied on. But I can perceive no question on the case, unless it be what I have above-noticed, whether before our act of thirteenth June 1820, estates tail general, descended, in this State, to all the children, or only to the eldest son ? This seems too plain to admit of any hesitation.
Hobnbixhver, C. J. concurred in the opinions of Justices-Ford and Ryebsost.

Judgment for defendant.

Cited in Den. Richman v. Baldwin, 1 Zab. 400.